UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-22419-CIV-HOEVELER

EXPEDITORS INTERNATIONAL OF
WASHINGTON, INC., and EXPEDITORS
INTERNATIONAL DO BRASIL LTDA.,

    Plaintiffs,

v.

PLACIBRAS DE AMAZONIA LTDA., a
foreign corporation; LIBERTY PAULISTA
SEGUROS S/A; ARROW AIR, a Florida
corporation; and AEROLINEAS
BRASILEIRAS S.A., a foreign corporation,

    Defendants.

_____/

## ORDER ON MOTIONS TO DISMISS

This Cause comes before the Court upon the motions to dismiss filed by Defendant Aerolineas Brasileiras S.A. and Defendant Arrow Air. Plaintiffs responded in opposition to each motion. The Court has reviewed the motions and responses and concludes that this case should be dismissed as to three of the total Defendants for failure to effectuate service, but not dismissed as to Defendant Arrow Air at this time.

### BACKGROUND

According to the Complaint, Plaintiffs are two corporations who are expeditors for foreign shipments. Plaintiff Expeditors International of Washington, Inc., is based in Seattle, Washington, and Plaintiff Expeditors International Do Brasil Ltda is based in Brazil. Three of the Defendants are foreign corporations based in Brazil: Placibras de

Amazonia Ltda ("Placibras"), Liberty Paulista Seguros S.A. ("Liberty"), and Aerolineas Brasileiras, S.A. ("ABSA"). The remaining Defendant, Arrow Air, is the only party based in Miami, Florida.

In July 2006, Defendant Placibras hired Plaintiffs to transport cargo from Miami to Brazil on three separate occasions (three separate airbills were issued). Defendants ABSA and Arrow Air were hired by Plaintiffs to perform the transport. Plaintiffs allege that Defendant Placibras has interposed a claim against Plaintiffs for lost cargo in the amount of $338,720; $53,582; and $55,530 for the three shipments, respectively. Defendant Liberty is included in this action because Plaintiffs allege that Liberty has paid insurance benefits to Defendant Placibras and, thus, became subrogated to the rights of Defendant Placibras.

Count I is a declaratory relief action against two Brazilian defendants for which no service has been accomplished, nor is there any record that service was attempted at any time since the filing of the Complaint in September 2007. As such, that Count is DISMISSED, without prejudice.

The remaining Counts are brought against Defendants ABSA and Arrow Air for liability under the Montreal Convention (Count II), breach of contract (Count III), negligence (Count IV), and breach of bailment (Count V).

Defendant ABSA seeks dismissal for failure to properly serve the Complaint. The Court notes that the summons was issued as to Defendant ABSA after the date of filing the motion to dismiss, which suggests that Defendant's Motion to Dismiss is well taken. Moreover, there is no proof of service of the Complaint on Defendant ABSA and it is unclear that ABSA has waived any objections to appearing before this Court by filing its

motion to dismiss. The Court hereby DISMISSES this action against Defendant ABSA, without prejudice.

Defendant Arrow Air argues that dismissal is appropriate because this Court lacks subject matter over this action as no actual controversy has been alleged. According to Defendant, Plaintiffs seek declaratory relief as to a dispute which has yet to arise. The file reflects little evidence on behalf of Plaintiffs' allegation that Defendant Placibras is pursuing a claim against Plaintiffs. Indeed, as noted by Defendant Arrow Air, "apparently neither Placibras nor Liberty ... have filed suit against [Plaintiffs]." Motion to Dismiss, p. 3, fn 4. However, Plaintiff claims to have standing to proceed regardless of whether an action has been instituted by Placibras or Liberty, and the Court has determined that dismissal is not appropriate based on the present allegations. Based on the above, it is

ORDERED AND ADJUDGED that the motion to dismiss filed by Defendant Arrow Air is DENIED.

DONE AND ORDERED in Chambers in Miami this 2 day of September 2008.

_____
WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT COURT JUDGE

Copies furnished:
Marc Alan Rubin
John David Kallen
Maria Emelina Mejer-Kondla